**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TAGOBIS FOSTER**, as special administrator for **JAMES T. FOSTER**, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 1974 |
| v. | ) ) ) | |
| **WILLARD O ELYEA, CHARDONNAY DIALYSIS, INC., WEXFORD HEALTH SOURCE, INC., DR. PARTH GHOSH, JIMMY DOMINGUEZ** and **MARY GARBS**, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This is an Eighth Amendment deliberate indifference claim brought pursuant to 42 U.S.C. § 1983 (2007) by plaintiff Tagobis Foster ("plaintiff") acting as special administrator for James T. Foster ("Foster"), who is deceased. Plaintiff alleges that Foster passed away while an inmate at Statesville Correctional Center, and that defendants' failure to provide him with prescribed medication, treatment, diet, or exercise opportunities hastened his death or caused him great emotional distress. Defendants Wexford Health Sources, Inc. ("Wexford") and Dr. Parth Ghosh ("Dr. Ghosh") have filed a motion to dismiss plaintiff's amended complaint, and defendants Willard O. Elyea ("Elyea"), Jimmy Dominguez ("Dominguez"), and Mary Garbs ("Garbs") have also filed such a

motion.[1]  For the following reasons, I deny Garbs, Dominguez and Elyea's motion, and grant Wexford and Dr. Ghosh's motion in part and deny it in part.

I.

In ruling on defendants' motions to dismiss, I must accept as true the well-pled facts in plaintiff's complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of plaintiff's claims is proper if plaintiff has not, at minimum, made enough factual allegations to raise a right to relief above a "speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citations omitted).

Plaintiff's complaint alleges that Elyea was the medical director of the Illinois Department of Corrections ("IDOC"), and that Dominguez and Garbs were IDOC employees personally involved in delivering medical services to Foster. (Compl. ¶¶ 3, 7-8.) He also alleges that Wexford and Dr. Ghosh provided medical services to Foster (*Id.* at ¶¶ 5-6.). According to the complaint, Foster suffered from type two diabetes, a vision disability related to his diabetes, high blood pressure, congestive heart failure, and was on dialysis due to kidney failure. (*Id.* at ¶ 9.) Plaintiff alleges

---

[1] The only defendant who has not filed a motion to dismiss, Chardonnay Dialysis, Inc., has not yet filed an answer to the amended complaint.

2

that all defendants knew that Foster faced a substantial risk of death if he did not receive "prescribed medication, treatment, diet and exercise," but that defendants failed to provide those things to him. (*Id.* at ¶¶ 10-11.) Defendants' alleged failure to do so was either the proximate cause of Foster's death, hastened his death, or caused him great emotional distress. (*Id.* at ¶ 12.)

II.

Defendants' respective motions raise several arguments. First, Elyea, Dominguez and Garbs argue that the complaint does not properly allege that they were deliberately indifferent to Foster's serious medical condition. I disagree. To state an Eighth Amendment claim for failure to provide medical care, as plaintiff attempts to do here, a plaintiff must allege facts from which the inference can be drawn that defendants were deliberately indifferent, as opposed to negligently or inadvertently indifferent, to the plaintiff's serious medical needs. *Wynn v. Southward*, 251 F.3d 588, 593-94 (7th Cir. 2001) (citations omitted). The requirements of notice pleading do not require a plaintiff to specifically plead intent in these circumstances. *See* Fed. R. Civ P. 9(b) (intent may be averred generally). Plaintiff alleges that, despite knowing Foster faced a risk of death if he did not receive treatment for certain health problems, defendants failed to provide or cause others to provide treatment. (Compl. ¶¶ 10-11.) This is a sufficient allegation that defendants were

3

deliberately indifferent to Foster's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.").

Defendants contend that the complaint is even less sufficient as to Elyea's liability because, although it alleges that Elyea was medical director, it does not allege that he was personally involved in delivering medical services to Foster. However, this does not matter. Foster has specifically alleged that Elyea personally knew that if Foster did not receive treatment he faced a substantial risk of death, but nevertheless failed to provide treatment. This is a sufficient allegation to survive a motion to dismiss. *See id.*

### III.

Defendants Wexford and Dr. Ghosh contend in their motion to dismiss that the complaint is insufficient because it does not identify what medical condition Foster had that was improperly treated, or what treatment defendants failed to provide. However, notice pleading does not require this level of detail; plaintiff's claim has sufficiently alleged facts to raise his right to relief above a speculative level, which is all that is required. *See Bell Atl. Corp.*, 127 S. Ct. at 1964. Further, viewing the allegations

4

in the light most favorable to the plaintiff, it is clear that the allegations relate to treatment for the medical conditions specifically alleged in paragraph 9 of the complaint.

Wexford and Dr. Ghosh also argue that Wexford is not a proper defendant because plaintiff has not alleged any facts to show that it is directly, rather than vicariously, liable. Under § 1983, corporations, like municipalities, cannot be held vicariously liable. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) (citing *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Plaintiff responds that his complaint alleges that one of Wexford's employees with final policy making authority caused Foster's injury, which is an appropriate basis for direct liability against a corporate defendant. *See Chortek v. City of Milwaukee*, 356 F.3d 740, 748-49 (7th Cir. 2004) (citing *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003)). The complaint does not specifically reference any employee or agent of Wexford, however, and only alleges actions taken by Wexford itself. (Compl. ¶¶ 10-11.) From the complaint, the basis for liability against Wexford is not clear enough to provide notice to Wexford of the claims against it. *See Day v. Cline*, No. 06 C 848, 2006 WL 2931461, at *3 (N.D. Ill. Oct. 12, 2006) (collecting cases). Therefore, I grant this aspect of Wexford and Dr. Ghosh's motion to dismiss, and dismiss plaintiff's claims against Wexford.

IV.

For the above reasons, I deny Elyea, Dominguez and Garbs's motion to dismiss. I deny Wexford and Dr. Ghosh's motion in part, but grant it as to plaintiff's claims against Wexford. Plaintiff's claims against Wexford are therefore dismissed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 17, 2007